⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
PUTNAM COUNTY, GEORGIA

**2021-ST-C-0043**

OCT 07, 2021 01:15 PM

Trevor J. Addison, Clerk
Putnam County, Georgia

## IN THE STATE COURT OF PUTNAM COUNTY
## STATE OF GEORGIA

**THERESA JONES,**

    **Plaintiff,**

**v.**

**VARIETY STORES, INC. d/b/a**
**MAXWAY #1536 and**
**VARIETY WHOLESALERS, INC.;**

    **Defendants.**

CIVIL ACTION NO. _____

## COMPLAINT

COMES NOW Plaintiff Theresa Jones and files this Complaint against the above-named Defendants as follows:

### Parties, Jurisdiction, Venue, and Service

1.

Defendant Variety Stores, Inc. d/b/a Maxway #1536 is a foreign profit corporation and an owner/occupier of the Maxway store in Eatonton, Georgia. Service may be made upon this defendant through its registered agent in Georgia, CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

2.

Defendant Variety Wholesalers, Inc. is a foreign profit corporation and an owner/occupier of the Maxway store in Eatonton, Georgia. Service may be made upon this defendant through its registered agent in Georgia, CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

3.

Defendants are subject to the jurisdiction of this Court, and venue is proper in this Court.

## Factual Background

4.

Defendants are the owners/occupiers of the Maxway store in Eatonton, Georgia and have the legal duty to maintain the premises in a safe manner.

5.

Defendants are also the employers of the personnel who work at the Maxway in Eatonton, Georgia.

6.

On October 11, 2019, Plaintiff was a customer at the Maxway.  Plaintiff fell as a result of a defective condition that the Defendants by and through their employees had negligently allowed to remain on the floor.

7.

As a proximate and foreseeable result of the fall, Plaintiff sustained injuries to her body and mind, along with significant pain and suffering and lost wages.  Plaintiff's past medicals as a result of the incident total at least $27,694.17.

## Count 1: Premises Liability

8.

Plaintiff hereby incorporates by reference the preceding paragraphs.

9.

Defendants owed a statutory duty to Plaintiff, pursuant to O.C.G.A. § 51-3-1, to exercise ordinary care in keeping the premises and approaches safe.

10.

Defendants had actual or constructive knowledge of the dangerous condition of their premises and such knowledge was superior to that of Plaintiff.

11.

Defendants failed to exercise reasonable care to ensure that their business invitees were not exposed to harm from a known hazardous condition.

12.

Defendants breached their statutory duty owed to Plaintiff by failing to exercise ordinary care in keeping the premises and approaches safe, and Plaintiff suffered injuries which were proximately caused by Defendants' breach of duty.

13.

Defendants are jointly and severally liable to Plaintiff for her injuries.

## Count 2: Ordinary Negligence

14.

Plaintiff hereby incorporates by reference the preceding paragraphs.

15.

Defendants by and through their employees had superior knowledge and/or the superior opportunity to have knowledge of the dangerous nature of the premises and knew or should have known that the premises were unsafe.

16.

Defendants had a greater opportunity to know about the hazardous and dangerous conditions of the premises and they owed Plaintiff a duty to warn and protect Plaintiff from falling.

17.

Defendants failed to exercise ordinary care to warn and protect Plaintiff and their failure was a proximate cause of Plaintiff's injuries.

18.

Defendants are jointly and severally liable to Plaintiff for damages for Defendants' ordinary negligence.

## **Count 3: Negligent Training**

19.

Plaintiff hereby incorporates by reference the preceding paragraphs.

20.

Defendants had a duty to train their employees to properly maintain the premises and respond to hazardous conditions when they occurred.

21.

Defendants negligently trained and/or negligently failed to train their employees in the proper maintenance of the premises and the proper response to hazardous conditions.

22.

The breach of the duty to train by Defendants was a proximate cause of Plaintiff's injuries.

23.

Defendants are jointly and severally liable to Plaintiff for damages for their negligent training and/or negligent failure to train.

## Count 4: Negligence Per Se

24.

Plaintiff hereby incorporates by reference the preceding paragraphs.

25.

The failure of Defendants to follow local, state, and federal safety statutes and regulations constitutes negligence per se.

26.

The negligence per se of Defendants was a proximate cause of Plaintiff's injuries.

27.

Defendants are jointly and severally liable to Plaintiff for damages for negligence per se.

## Count 5: Respondeat Superior

28.

Plaintiff hereby incorporates by reference the preceding paragraphs.

29.

Defendants' employees were acting within the course and scope of their employment when they negligently failed to maintain the premises in a safe manner.

30.

The negligent acts and failures of Defendants' employees caused Plaintiff's injuries.

31.

Defendants are jointly and severally liable to Plaintiff under the doctrine of Respondeat Superior and other principles of agency.

WHEREFORE, Plaintiff prays for the following:

a) That the Complaint and Summons be served upon the Defendants as required by law;

b) That Plaintiff have a trial by jury of twelve as to all issues so triable;

c) That Plaintiff have judgment against Defendants, jointly and severally, for (i) her general and special damages; (ii) interest, and (iii) costs; and

d) for such other and further relief as the Court deems appropriate.

Respectfully submitted, this 7th day of October, 2021.

/s/ C. Brian Jarrard
C. BRIAN JARRARD
Ga. Bar No. 389497
AMY GRIFFITH DEVER
Ga. Bar No. 311615

ATTORNEYS FOR PLAINTIFF

JARRARD LAW GROUP, LLC
4108 Arkwright Road, Suite 2
Macon, GA  31210
(478) 477-0004 (telephone)
(478) 477-0014 (facsimile)
brian@jarrardlawgroup.com
amy@jarrardlawgroup.com

IN THE STATE COURT OF PUTNAM COUNTY
STATE OF GEORGIA

THERESA JONES,                                          Civil Action File No.
                                                        2021-ST-C-0043

              Plaintiff,

v.

VARIETY STORES, INC.
d/b/a MAXWAY #1536
AND VARIETY WHOLESALERS, INC.,

              Defendants.
_____/

## ANSWER OF DEFENDANTS

COME NOW, Defendants VARIETY STORES, INC. d/b/a MAXWAY #1536

and VARIETY WHOLESALERS, INC. and make this Answer to Plaintiff's Complaint

as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which

relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## FOURTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## SEVENTH DEFENSE

Plaintiff's claims are barred by laches.

## EIGHTH DEFENSE

Vareity Wholesalers, Inc. Is not a proper Defendant.

## NINTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants admit the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendants deny the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint.  Jurisdiction and venue are now proper in the United States District Court, Middle District of Georgia, Macon Division.

4.

Defendants deny the allegations contained in paragraph 4 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves and have been omitted.

5.

Defendants admit the allegations contained in paragraph 5 of the Plaintiff's Complaint at this time as to Variety Stores, Inc. and deny the allegations contained in paragraph 3 as to Variety Wholesalers, Inc.

6.

Defendants deny the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendants hereby incorporate by reference the preceding paragraphs.

9.

Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Complaint, as stated.  The applicable case law has been omitted.

10.

Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendants deny allegations contained in paragraph 12 of the Plaintiff's

Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of the Plaintiff's
Complaint.

14.

Defendants hereby incorporate by reference the preceding paragraphs.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiff's
Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's
Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's
Complaint.

18.

Defendants deny the allegations contained in paragraph 18 of the Plaintiff's
Complaint.

19.

Defendants hereby incorporate by reference the preceding paragraphs.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint, as stated.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendants hereby incorporate by reference the preceding paragraphs.

25.

Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendants hereby incorporate by reference the preceding paragraphs.

29.

Defendants deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

33.

Defendants deny Plaintiff's prayer for relief, including subparagraphs a), b), c) and d) thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendants
VARIETY STORES, INC.
VARIETY WHOLESALERS, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -8-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANTS has this day been filed and served upon opposing counsel via Peach Court E-File.

This the _21st_ day of October, 2021.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
VARIETY STORES, INC.
VARIETY WHOLESALERS, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com