UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

THERESA JONES,                    )
                                  )
        Plaintiff,                )
                                  )        Civil Action
vs.                               )        No. 5:21-CV-369
                                  )
                                  )
VARIETY WHOLESALERS, INC.,        )
                                  )
        Defendant.                )

---

## <u>ORDER ON MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff Theresa Jones filed this personal injury action against Defendant Variety Wholesalers, Inc., alleging Defendant was negligent in failing to remove a liquid from the floor of its store. While shopping, Plaintiff slipped in the liquid, fell, and filed this action to recover for her resulting injuries. Defendant removed this action pursuant to the Court's diversity jurisdiction and now seeks summary judgment arguing no genuine issues of material fact exist as to Defendant's knowledge of the alleged hazard. For the reasons discussed below, Defendant's Motion [Doc. 23] is **GRANTED**.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the movant "shows that there is no genuine

1

dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitles it to a judgment as a matter of law.[2] If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[3]

The Court must view the facts, and any reasonable inferences drawn from those facts, in the light most favorable to the party opposing the motion.[4] "The inferences, however, must be supported by the record, and a genuine dispute of material fact requires more than 'some metaphysical doubt as to the material facts.'"[5] In cases where opposing parties tell different versions of the same events, and one is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts."[6] A disputed fact will preclude summary judgment only

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[2] *Catrett*, 477 U.S. at 323 (internal quotation marks omitted).

[3] *See* Fed. R. Civ. P. 56(e); *see also Catrett*, 477 U.S. at 324-26.

[4] *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

[5] *Logan v. Smith*, 439 F. App'x 798, 800 (11th Cir. 2011) (quoting *Penley*, 605 F.3d at 848).

[6] *Pourmoghani-Esfahani v. Gee*, 625 F.2d 1313, 1315 (11th Cir. 2010) (per curiam) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

"if the dispute might affect the outcome of the suit under the governing law."[7] "The court may not resolve any material factual dispute, but must deny the motion and proceed to trial if it finds that such an issue exists."[8]

## FACTUAL BACKGROUND

In the late afternoon of October 11, 2019, Plaintiff Theresa Jones rode with her friend Samantha Reid to Defendant's Maxway store in Eatonton, Georgia to buy a few items.[9] After they arrived, Plaintiff entered the store, and Ms. Reid remained in the car. Plaintiff was familiar with the layout of the store, as she shopped there "probably once a week or once every – every two weeks."[10] Once inside the store, Plaintiff retrieved an item on her list and was making her way down the aisle containing cleaning products when she slipped and fell injuring her left knee.[11]

Plaintiff saw nothing on the floor before she slipped and fell.[12] The area was well lit, there were no obstructions as she was walking, she was not distracted, and she was the only person in the immediate area.[13] She stated the liquid substance "was a little clear"

---

[7] *Id.* (internal quotation marks omitted).

[8] *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[9] Pl. Depo. pp. 104-105, 111 [Doc. 26].

[10] *Id.* at pp. 108-109.

[11] *Id.* at pp. 92, 95, 111, 113, 116-117; Exhibits 1-6.

[12] *Id.* at p. 116.

[13] *Id.* at pp. 112-113.

"like a cream brown."[14] No one witnessed her slip and fall.[15]

Plaintiff called out after she fell, and the store's manager, Angela Waldroup, and the assistant manager came over to check on her.[16] They asked Plaintiff to describe what happened, and Manager Waldroup asked the assistant manager to clean up the liquid and place a yellow caution sign on the floor.[17] Plaintiff testified that Manager Waldroup told her a customer possibly could have urinated on the floor "because the customer didn't like a worker that used work there [a]nd the customer [came] in there and [did] all types of stuff."[18] Ms. Waldroup did not mention the last time she saw the customer in the store,[19] and no evidence reflects the customer was in the store that day. Plaintiff pointed to what appeared to be a globe camera on the wall and told Manager Waldroup she needed "to look at that camera."[20] Ms. Waldroup responded that only "the loss prevention guy" could view any camera footage.[21]

A short time later, Plaintiff purchased her items and returned to the car where her friend, Ms. Reid, was waiting.[22] Plaintiff showed Ms. Reid her knee, and they noticed a

---

[14] *Id.* at p. 116
[15] *Id.* at pp. 111, 113, 129.
[16] *Id.* at pp. 119-120.
[17] *Id.* at pp. 120-121.
[18] *Id.* at p. 123, pp. 121-124.
[19] *Id.* at p. 124.
[20] *Id.* at p. 121.
[21] *Id.* at p. 122.
[22] *Id.*

local police officer they knew walking into the store.[23] Ms. Reid went into the store and

asked the officer to come talk to Plaintiff because she had fallen.[24] The officer came out,

spoke with Plaintiff, and then Plaintiff, Ms. Reid, and the officer walked back inside the

store to talk with Manager Waldroup.[25] As they spoke with Ms. Waldroup, the officer

looked at the globe camera on the wall and asked Manager Waldroup to look at the

video.[26] Ms. Waldroup told them she was unable to get the video, needed to write a

report, and to come back the next day.[27] Plaintiff returned to the store the next day, and

Ms. Waldroup told Plaintiff she was writing a customer accident report and would send

it to the corporate office.[28]

  In the customer accident report, Manager Waldroup documented that Plaintiff fell

on her kneecap after she slipped in a "small spill."[29] She also documented that less than

10 minutes before the accident, she personally inspected the area where Plaintiff fell and

found it to be clean and dry.[30] Although Ms. Waldroup attributed the "spill" to be from

a bottle of Pine-Sol, Plaintiff states it did not smell like Pine-Sol.[31] In her declaration, Ms.

Waldroup states she remembered Plaintiff's slip and fall accident, and she "had inspected

---

[23] Reid Depo., p. 13 [Doc. 27-3].
[24] *Id.*
[25] *Id.* at pp. 13-14.
[26] *Id.* at p. 15; Pl. Depo., p. 82.
[27] Pl. Depo., pp. 84-85.
[28] *Id.* at p. 84.
[29] Customer Accident Report [Doc. 25-2, p. 1].
[30] *Id.* at p. 2.
[31] *Id.* at p. 2; Pl. Depo., p. 86.

the exact area where [Plaintiff's] incident occurred less than ten (10) minutes before the incident on October 11, 2019, and at that time there was absolutely no liquid, spill, foreign substance or hazard on the floor. The floor was clean, dry, and hazard-free less than ten (10) minutes prior to [Plaintiff's] incident."[32] Plaintiff did not take Manager Waldroup's deposition.

At the time of Plaintiff's fall, Defendant trained its Maxway employees, including Ms. Waldroup, on company safety policies and procedures, and employees also attended periodic store meetings where safety policies and issues were reviewed.[33] Defendant trained its employees to perform safety sweeps as they worked which included looking out for any hazards, including slip, trip, and fall hazards, when they walk through the store; to take different paths throughout the store, so they could view different aisles; and to look for hazards on the floor and on the shelves.[34] Per Defendant's safety policy, managers were required to document the time frames that they performed the safety sweeps in a safety calendar at the store, but there is no evidence Ms. Waldroup kept a safety calendar. In addition, the record contains no video evidence of the incident.

Plaintiff filed this action claiming she slipped and fell on the liquid due to Defendant's negligence in failing to discover and remove the hazardous condition.

---

[32] Waldroup Decl. ¶ 5 [Doc. 23-1].
[33] *Id.* at ¶ 3.
[34] Def. 30(b)(6) Depo., p. 13-14 [Doc. 25].

6

Defendant argues it is entitled to summary judgment because no genuine issue of material fact exists to dispute that Manager Waldroup inspected the area 10 minutes before the incident and found the aisle to be free of any hazard; therefore, Defendant exercised reasonable care and had no actual or constructive knowledge of the alleged hazard as a matter of law.

## DISCUSSION

In Georgia, "[w]here an owner or occupier of land, by … invitation induces … others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."[35] "While 'the owner/occupier is not required to warrant the safety of all persons from all things,' the owner/occupier must 'exercise … diligence toward making the premises safe,' including 'inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.'"[36]

A defendant moving for summary judgment need not "affirmatively disprove the nonmoving party's case"; instead, the defendant may point to "an absence of evidence to

---

[35] *Falconer v. QuikTrip Corp.*, Case No. 1:14-cv-3507-TWT, 2015 WL 5719482, at *2 (N.D. Ga. Sept. 29, 2015) (quoting O.C.G.A. 51-3-1).
[36] *Id.* (quoting *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1997)).

support the nonmoving party's case."[37] Where a defendant points to an absence of evidence regarding its knowledge of the hazard, the "plaintiff must present evidence that the defendant had superior actual or constructive knowledge of the hazard, or else suffer summary judgment."[38]

To establish liability in slip-and-fall cases, "an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to the actions or conditions within the control of the owner/occupier."[39] Here, there is no contention or evidence either that Defendant had actual knowledge any hazard existed or that Plaintiff had any knowledge of the hazard. Thus, Defendant is only subject to liability upon a showing that it had constructive knowledge of the liquid's presence on the floor.

Constructive knowledge can be established in one of two ways: "(1) by evidence that employees were in the immediate vicinity and easily could have noticed and removed the hazard, or (2) by evidence that the substance had been on the floor for such a time that (a) it would have been discovered had the proprietor exercised reasonable care in inspecting its premises, and (b) upon being discovered, it would have been cleaned up had the proprietor exercised reasonable care in its method of cleaning its

---

[37] *Id*. at 747.

[38] *Hardee's Food Sys., Inc. v. Green*, 232 Ga. App. 864, 865 (1998) (citations omitted).

[39] *Robinson v. Kroger*, 268 Ga. 735, 748 (1997).

premises."[40] Here, no evidence suggests that any employee was in the immediate vicinity and easily could have noticed and removed the liquid. Thus, Plaintiff "must establish a question of fact whether the foreign substance remained on the floor for a sufficient length of time for knowledge of it to be imputed to the proprietor, showing that he had an opportunity to discover the defect and correct it."[41]

To prevail on summary judgment based on lack of constructive knowledge, Defendant must demonstrate that it had a reasonable inspection program in place and that such program was carried out at the time of the incident.[42] But in Georgia, "[r]egardless of any inspection program, when an owner has shown that an inspection of the area occurred within a brief period prior to an invitee's fall, the inspection procedure [is] adequate as a matter of law and defeats an invitee's negligence action."[43]

Thus, a defendant store proprietor can meet its burden of demonstrating the exercise of reasonable care by presenting undisputed record evidence which establishes that the proprietor did not have sufficient time to find and to remove the alleged hazard.[44] In cases where a proprietor shows that an inspection occurred within a brief period before the slip and fall, Georgia courts hold that the inspection procedure is adequate as a matter

---

[40] *Hardee's Food*, 232 Ga. App at 866 (citing *Alterman Foods v. Ligon*, 246 Ga. 762, 622 (1980)).

[41] *Smith v. Winn-Dixie Atlanta, Inc.*, 203 Ga. App. 565, 567 (1992).

[42] *Davis v. Bruno's Supermarkets, Inc.*, 263 Ga. App. 147, 148 (2003) (quoting *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 748 (1999)).

[43] *Mucyo v. Publix Super Markets, Inc.*, 301 Ga. App. 599, 601 (2009) (citing *Medders v. Kroger Co.*, 257 Ga. App. 876, 878 (2002)).

[44] *Id*.

of law.[45] In the absence of some evidence suggesting that the alleged hazard existed for more than 15 minutes, Georgia courts hold that no reasonable jury could conclude that the store proprietor had been afforded a reasonable time within which to find and remove the hazard.[46]

In this case, the undisputed evidence shows that Manager Waldroup inspected the area of the accident 10 minutes before Plaintiff fell and found it to be clean, dry, and hazard free.  Plaintiff contends genuine issues of material fact exist as to Defendant's constructive knowledge because (1) Defendant's case rests on Manager Waldroup's "self-serving and empty" declaration; (2) Ms. Waldroup failed to follow Defendant's safety policy and document her inspection times in a safety calendar; and (3) Defendant failed to produce any video footage. Plaintiff's arguments are without merit.

First, Ms. Waldroup's declaration is not "self-serving and empty"; it is admissible testimony, based on her firsthand knowledge of the incident and corroborated by the customer accident report she wrote the day after the incident happened. Moreover, Plaintiff had the opportunity to depose Ms. Waldroup but chose not to. Plaintiff has been

---

[45] *Id.* at 346.

[46] *See, e.g.,  Wallace v. Wal-Mart Stores, Inc.*, 272 Ga. App. 343, 345 (2005) (inspection procedure adequate as matter of law when inspection of area finding no hazard occurred 15-20 minutes prior to fall); *Super Discount Markets v. Clark*, 213 Ga. App. 132, 133-34 (1994) (inspection procedure adequate as matter of law when no hazard found 15-20 minutes prior to incident); *compare Shepard*, 241 Ga. App. 746, 748 (1999) (jury question as to whether 30 minute inspection period reasonable when store fills table with crushed ice and produce knowing customers will remove the produce and likely cause ice to spill on floor); *accord Jones v. Krystal Co.*, 231 Ga. App. 102, 105-06 (1998) (jury question as to whether 20 minute inspection before fall was reasonable due to known hazards in area).

aware of Ms. Waldroup's involvement since the date the accident occurred, and Defendant disclosed Ms. Waldroup as the manager on duty in its initial disclosures and answers to interrogatories. While it is true Plaintiff cannot look to any video footage to test Manager Waldroup's statements, it is often the case that there can be no independent verification of a witness's testimony. This does not mean, however, that Defendant cannot rely on that testimony.

Second, Ms. Waldroup's failure to document the times she performed her inspections on the required safety calendar cannot defeat summary judgment under the facts of this case. As set forth above, Georgia law holds that <u>"[r]egardless of the adequacy of any inspection program</u>, when an owner shows that an inspection occurred within a brief period of time prior to an invitee's fall, the inspection procedure was adequate as a matter of law and defeats an invitee's negligence action."[47] Under Georgia law, inspections conducted within 15 to 20 minutes before a slip-and-fall incident are deemed reasonable absent some known hazard or unreasonably dangerous condition[48]; the

---

[47] *Mucyo*, 301 Ga. App at 601-602.

[48] *Markham v. Schuster's Enterprises*, 268 Ga. App. 313, 314, 601 S.E.2d 712 (2004). Inspections conducted within about 15 minutes prior to a slip-and-fall incident are typically deemed reasonable. *See, e.g., Adamchick v. Cracker Barrel Old Country Store Inc.*, 281 Ga. App. 677, 678, 637 S.E.2d 44 (2006) (finding no constructive knowledge where restroom in which the plaintiff slipped and fell had been inspected approximately 15 minutes before incident); *Wallace. Wal-Mart Stores, Inc.*, 272 Ga. App. 343, 346, 612 S.E.2d 528 (2005) (finding no constructive knowledge where employees had been through the area where the incident occurred 15 to 20 minutes prior and had not noticed a hazard); *Higgins v. Food Lion, Inc.*, 254 Ga. App. 221, 222, 561 S.E.2d 440 (2002) (holding that inspection conducted 35 minutes prior to plaintiff's fall was adequate as a matter of law to establish the absence of constructive knowledge); *Roberson v. Winn-Dixie Atlanta, Inc.*, 247 Ga. App. 825, 826, 544 S.E.2d 494 (2001) (finding no constructive knowledge where inspection of floor occurred approximately fifteen minutes before the plaintiff fell and inspection did not

evidence reflects no such conditions in this case.

Third, Defendant's "failure" to produce any video evidence cannot defeat summary judgment. Plaintiff's effort to avoid summary judgment by arguing spoliation of video evidence is a non-starter. "Spoliation is the destruction or significate alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."[49] A party seeking spoliation sanctions must establish that (1) the missing evidence existed at one time; (2) the party against whom sanctions are sought had a duty to preserve the evidence; and (3) the evidence was crucial to being able to make out a prima facie case.[50] "[A] finding of bad faith is a prerequisite to spoliation sanctions."[51] Plaintiff contends Defendant in fact had video footage of her fall because Plaintiff and the officer saw on the camera on the wall, but no evidence shows such footage has ever existed, much less that Defendant destroyed the footage in bad-faith. In its interrogatories, response to requests for production of documents, and in Defendant's 30(b)(6) witness' testimony, Defendant has maintained throughout this litigation that no video exists of Plaintiff's fall. Plaintiff has offered nothing more than speculation that the globe camera she and the officer saw was, in fact, a camera in proper

---

reveal anything on the floor); *Butler v. Lanier Park Reg'l Hosp.*, 220 Ga. App. 386, 387, 469 S.E.2d 475 (1996) (affirming summary judgment for defendant where inspection was performed 20 minutes before the accident); *Super Discount Markets v. Clark*, 213 Ga. App. 132, 133-34, 443 S.E.2d 876 (1994) (finding no constructive knowledge where inspection occurred fifteen to twenty minutes prior to incident).

[49] *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009)

[50] *See In re Delta/AirTran Baggage Fee Antitrust Litig.*, 770 F. Supp. 2d 1299, 1305 (N.D. Ga. 2011).

[51] *Id.* at 1314.

working condition, recording on the date of her fall, in the location of her fall, which Defendant destroyed in bad faith.

Finally, any argument that Manager Waldroup's identification of a customer who was known to do "all types of stuff" in the store and possibly could have urinated on the floor fails to create an issue of material fact whether the manager had a duty to inspect the aisle more frequently than 10 minutes before the incident. "[W]hat constitutes a reasonable frequency of inspection [ ] will vary with the circumstances of each case (the nature of the business, size of the store, the number of customers, the nature of the dangerous condition and the store's location)."[52] No evidence shows the customer was present in the store that day or how often the customer came in the store or that any other known hazards or unusually dangerous conditions existed in or around the area creating an issue of fact as to whether the store had a duty to inspect that area with greater frequency.[53]

In sum, Plaintiff's arguments are based on speculation and conjecture. "Mere speculation is not enough to rebut contrary evidence, and for an inference to create a

---

[52] *J.H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 471 (1999) (internal quotation marks omitted).

[53] *Compare Food Lion v. Walker*, 290 Ga. App. 574 (2008) (jury issue whether inspection 15-20 minutes before fall where store knew fresh chicken leg quarters on sale and would drop blood and water on floor); *Burnett v. Ingles Markets*, 236 Ga. App. 865, 867 (1999) (jury question on reasonableness of inspection where store had knowledge children throwing grapes); Shepard, 241 Ga. App. at 748 (jury question where store had knowledge customers would remove produce and likely cause ice to spill on floor); *Jones*, 231 Ga. App. at 105-06 (jury question where fast food restaurant knew of hazards in area); *compare Wallace v. Wal-Mart Stores*, 272 Ga. App. 343, 346-47 (2005) (inspection reasonable as matter of law where no evidence store had knowledge of particular risk grapes might be on floor).

genuine issue of material fact that is enough to defeat a motion for summary judgment, the inference must be based upon evidence 'which is [not] too uncertain or speculative or which raises merely a conjecture or possibility.'"[54] The uncontroverted evidence establishes Defendant followed reasonable inspections on the day of the incident, Manager Waldroup inspected the area where Plaintiff fell 10 minutes before the fall, and there was no spill, liquid, or other substance on the floor.  An owner is not required to constantly check his property unless there are facts which would show that the property is particularly dangerous.[55] No such facts exist in this case, and no reasonable jury could find an inspection of an area containing no known hazards or unusual conditions, occurring less than 10 minutes before a fall, to be unreasonable.  Thus, Defendant cannot be imputed with knowledge of the hazard and is entitled to judgment as a matter of law.

## CONCLUSION

As explained above, the Court finds Defendant had no knowledge of the alleged hazard, and therefore its Motion for Summary Judgment [Doc. 23] is hereby **GRANTED**.

**SO ORDERED** this 28th day of March, 2024.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[54] *Parker v. Wal-Mart Stores East, L.P.*, Case No. 1:16-CV-1479-ODE, 2018 WL 9437354, *4 (N.D. Ga. August 22, 2018).
[55] *Walker*, 290 Ga. App. at 574.